```
                    UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF MISSISSIPPI
                           EASTERN DIVISION


MARYLAND CASUALTY COMPANY                    PLAINTIFF/COUNTERDEFENDANT

VS.                                    CIVIL ACTION NO. 4:06CV59TSL-JMR

LAB DISCOUNT DRUG, INC., ET AL.        DEFENDANTS/COUNTERPLAINTIFFS
```

MEMORANDUM OPINION AND ORDER

This cause is before the court on the objection of defendants Warren E. Hutto and Patricia Hutto to the bill of costs filed in this cause by plaintiff Maryland Casualty Company. These defendants object that the $764.96 claimed by Maryland Casualty Company for service of summonses is unreasonable and should not be allowed, and assert more generally that any award of costs to plaintiff should be equally divided among the defendants. In the court's opinion, Maryland Casualty has presented evidence demonstrating the appropriateness and reasonableness of the challenged fees. See Gaddis v. U.S., 381 F.3d 444, 456 (5th Cir. 2004) ("[S]ection 1920(1)'s phrase '[f]ees of the clerk and marshal' has been interpreted . . . to include private process servers' fees as taxable costs because the service of summonses and subpoenas is now done almost exclusively by private parties employed for that purpose, not the U.S. Marshal, even though there is no express provision authorizing the payment of private process

servers in § 1920."). Further, the court is not persuaded that the cost award should be other than joint and several. Although the court may choose to impose costs jointly and severally or to disaggregate costs and to impose them individually, it is generally accepted that "the burden on the losing parties to introduce evidence and persuade the court that costs should be apportioned, and in the event that they fail to do so, the default rule is that costs may be imposed jointly and severally." In re Paoli R.R. Yard PCB Litigation, 221 F.3d 449, 469 (3d Cir. 2000); see also Anderson v. Griffin, 397 F.3d 515, 523 (7th Cir. 2005) ("presumptive rule is joint and several liability unless it is clear that one or more of the losing parties is responsible for a disproportionate share of the costs").

Accordingly, it is ordered that the objection to plaintiff's bill of cost is denied.

SO ORDERED this 16th day of February, 2007.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE